# CHARLESTON

## Jenkins *v.* Chesapeake & Ohio Railway Company.

### Submitted February 19, 1907.    Decided March 26, 1907.

1. **Carrier**—*Action by Passenger—Breach of Contract.*

   Where by a contract made between a county court and a railroad company, for the mutual advantage of the parties thereto in preventing the spread of a contagious disease, the carrier agrees, in consideration that the county court shall provide and maintain a pest house for the care and treatment of persons infected with such disease, to furnish and properly equip a car therefor and transport such persons to the pest house, one of the class of persons therein designated in whose interest it is made may maintain in his own name an action against such carrier, either in *assumpsit* upon contract or in tort, for damages resulting from a breach of its duty to him under the contract, or arising out of the relation of carrier and passenger after he has been accepted as a passenger. (p. 598.)

2. **Same**—*Pleading and Proof—Variance.*

   In such suit a declaration, which counts as upon a special contract for carriage between the plaintiff and defendant for hire and reward, is not supported by proof of a contract between the county court and the defendant company, nor by the implied contract between the carrier and passenger; the variance being fatal. (p. 599.)

3. **Same**—*Declaration.*

   A declaration in *assumpsit*, by one entitled to the benefit of such contract, which properly impleads the railroad company thereon and for a breach of its duty to him thereunder, is good upon demurrer. (p. 600.)

4. **Appeal**—*Review—Rulings on Pleadings.*

   A writ of error awarded the defendant in such a case does not bring up the action of the trial court in sustaining the demurrer to such rejected count; and this Court can not look to such count to support the verdict and judgment for the plaintiff. (p. 601.)

5. **Trial**—*Instructions—Applicability to Pleadings.*

   On the trial of such a case, instructions for the plaintiff based upon the theory of an implied contract, and which ignore the special contract alleged in the declaration, are inapposite and should be refused. (p. 602.)

6.  CARRIERS—*Pleading and Proof—Instructions.,*

   Upon the trial of this case an instruction for the defendant, which told the jury that the plaintiff, having alleged in his declaration that the defendant agreed to carry him for hire and reward and having failed to prove such allegation, was not entitled to recover in an action of *assumpsit*, was improperly refused.  (p. 603.)

Error to Circuit Court, Fayette County.

Action by David Jenkins against the Chesapeake & Ohio Railway Company.   Judgment for plaintiff.   Defendant brings error.

*Reversed.*

SIMMS & ENSLOW, for plaintiff in error.

DILLON & NUCKOLLS, for defendant in error.

MILLER, JUDGE:

The plaintiff, in December, 1903, during the prevalence of an epidemic of smallpox in Fayette county, and who had been taken with that disease, was arrested at Montgomery by the health officers near the railroad of the defendant company about three o'clock in the afternoon, and put into a common box car and locked up, without any provision for fire or bed-clothing to protect him from the severe cold weather then prevailing.   This car was, about six o'clock in the evening of the same day, taken up by the defendant, put into a freight train, and about twelve o'clock that night set out on a side-track at Fire Creek near the county pest house, without any notice to the defendant's agent or to the pest house authorities.   The next morning about ten o'clock the plaintiff was discovered, taken out of the car and carried to the pest house, where it was found that both his feet were badly frozen, so that in a few days the flesh began to slough off the bones, necessitating amputation of one leg in May and the other in July following.   He endured intense suffering the night of his arrest and transportation and for several weeks afterward, but finally recovered from the disease and was released.

The plaintiff had nothing to do with the arrangements with railroad for his transportation.   In November, 1904, he in-

stituted this suit in *assumpsit* in the circuit court of Fayette county. The declaration is in two counts, to recover damages as for the breach of a contract for carriage with the defendant company. The first count charges that the defendant company on the 24th day of December, 1903, accepted the plaintiff as a passenger upon one of its freight trains for hire and reward, and then and there agreed to carry, transport and deliver him safely and securely and protect him against the cold and inclement weather while such passenger from Montgomery to Fire Creek, and then and there deliver him to the superintendent of the county pest house. It then charges the defendant company with breach of its contract and duty to the plaintiff as a passenger. The second count counts upon an alleged contract or arrangement with the county court of Fayette county with the defendant company whereby, in consideration that said county court would provide and maintain a pest house at Fire Creek for the purpose of treating, caring for and preventing the spread of smallpox in said county and along the defendant's railway, detrimental to its business, the defendant agreed to provide and especially equip a car with necessary heat and conveniences for smallpox patients and deliver all persons who might be suffering from that disease to the said pest house, to be there taken charge of by the county authorities. It is further alleged by said second count that the plaintiff, pursuant to this agreement and by authority of one of the members of the board of health of said county, was delivered to the defendant to be transported and carried from Montgomery to said pest house; that the defendant accepted the plaintiff as a passenger, and agreed to provide a comfortable car for the purpose, to protect him while in its charge from undue exposure to cold, and to safely deliver him to the pest house authorities; the breach of which contract of the defendant and of its duties to the plaintiff is charged as resulting in the injuries he sustained, and for which he asks $25,000 damages.

The court below sustained the defendant's demurrer to the second count, and overruled it as to the first. There was issue and trial only on the first count, resulting in a verdict and judgment thereon for the plaintiff for $3,-000. The trial court refused a new trial, and the case is

here upon a writ of error prosecuted by the defendant company.

Upon the trial there was practically no conflict of evidence respecting the manner in which the plaintiff had been dealt with by the health officers and by the railroad company, nor does the evidence leave any doubt that the plaintiff lost his legs by the cruel and inhuman treatment of the health officers and the agents of the railroad company; and if we disturb the verdict and judgment, it will be because of technical rules of practice binding us and now urged for reversal of the judgment.

It is claimed by the railroad company that the plaintiff's remedy was *ex delicto* and not *ex contractu*, and that his suit in *assumpsit* was not a proper substitute for one in case. The plaintiff, on the other hand, seeks to sustain the verdict and judgment, not upon an *actual* contract of carriage for hire and reward with the defendant, as charged in the first count and of which there is absolutely no evidence, but, first, upon the implied contract which he claims arose out of the relationship of carrier and passenger while being carried from Montgomery to Fire Creek; and, second, upon the theory that the contract for carriage made by the county court with the defendant company was for his sole benefit, or for him as one of a class of smallpox patients, which he is entitled to enforce.

The first count unmistakably pleads a special contract of carriage for hire and reward; and the verdict and judgment can not stand, unless the contract as laid is supported by proof. *Baltimore etc. R. Co. v. Rathbone*, 1 W. Va. 87, cited with approval in *Kline v. McClean*, 33 W. Va. 37; *Davidson v. Ford*, 23 W. Va. 617, 627. It is suggested that, while this count charges a contract of carriage for hire and reward, it does not allege payment of the price, and that the consideration charged may be treated as surplusage, and the declaration stand as upon an implied contract arising out of the relation of carrier and passenger. In actions *ex delicto*, words of promise, agreement and undertaking contained in a declaration may be treated as mere inducement to the duty imposed by law; but in actions *ex contractu*, where there is an averment of a promise and consideration, the declaration will be construed as upon the contract, and

not for the breach of the duty.   3 Hutchinson on Carr. (3rd Ed.), section 1328.   And the plaintiff can recover only on the ground stated in his declaration.   Hutch. on Carr., section 1406; *Kidder* v. *Flagg*, 28 N. H. 477.   The form of action in cases of this kind is indifferent, whether *assumpsit* for a breach of the contract express or implied to carry safely, or an action on the case for the wrong.   The pleader, considering the advantages or disadantages of the one or the other form of action, must make his choice. An action on the contract survives; one in case for the wrong dies with the death of the plaintiff.   Hutch. on Carr., sections 1403, 1404, 1405.   At common law, in the absence of an express contract or promise, if from a given state of facts the law raises a legal obligation to do a particular act, and there is a breach of that obligation and consequential damages, although *assumpsit* may be maintained upon the promise, the more appropriate form of action is in case. Hutch. on Carr., section 1408.

In the case at bar, the plaintiff elected to sue in *assumpsit;* and the count in the declaration upon which the trial was had was upon a contract of carriage for hire and reward, described as entire.   In such cases, if there be even a very slight variation in the proof of it from the description, the variance is fatal.   Hutch. on Carr., section 1335, and cases cited; *James & Mitchell* v. *Adams*, 8 W. Va. 548, 16 W. Va. 245; Cyc. 356; *Colburn* v. *Pomeroy*, 44 N. H. 19, citing 1 Ch. Pl. 297, and other cases.   In an action of *assumpsit*, one of the defenses is want of consideration.   5 Rob. Prac. 255.   The only proof offered of any contract for carriage related to the one alleged in the second count of the declaration.   The writ of error awarded does not bring up the action of the trial court in sustaining the demurrer to that count.   We can not look to it, therefore, to support the verdict and judgment.   There was no issue on that count, no trial, and no response thereto by the verdict of the jury.   *Met. Life Ins. Co.* v. *Rutherford*, 95 Va. 773, 780.

From these authorities, we are forced to the conclusion that the court below erred in refusing to give to the jury the defendant's instruction number one, based on the failure of the plaintiff's evidence to prove the contract as alleged, and

in refusing to set aside the verdict of the jury and award the defendant a new trial.

The only other errors assigned relate to the rulings of the court below upon the plaintiff's instructions numbered two, three, four and nine.   These are all based upon the theory of an implied contract of carriage, not the expressed contract alleged in the first count.   Number two tells the jury in substance that, if they find that persons other than the defendant or its agents put the plaintiff, infected with small-pox, in the defendant's car to be transported to the pest house, and after being informed thereof hauled the said car from Montgomery to its siding at Fire Creek, the plaintiff thereby became a passenger in said car; the third says that, if under substantially the same circumstances stated in the second the defendant accepted the plaintiff as a passenger for the purposes stated, it became thereby bound to observe all the obligations of care, diligence and provision for safety· and comfort due from carrier to passenger in like condition; the fourth propounded to the jury the proposition that, if a carrier, though not obliged to do so, accepts as a passenger one infected with a contagious disease, it is bound to exercise the degree of care commensurate with the responsibility it has thus voluntarily assumed to insure the safety of the passenger, considering his physical condition; and the ninth is substantially a re-statement in a different form of number two.   These instructions, while we think they correctly propound the abstract propositions of law covered by them and are supported by the authorities cited by counsel, yet they were not apropos.   They might be suited to a case made upon an implied contract, but they ignore the necessary element of special contract charged in the declaration on which the case was tried.   Pt. 4 Syl. *Peters* v. *Nolan Coal Co.*, decided at the present term.   The defendant's objections to these instructions, therefore, were well founded, and should have been sustained.

The plaintiff has cross-assigned as error the ruling of the court below sustaining its demurrer to said second count. We think that count is good, and, if sustained by proof, will entitle the plaintiff to . recover.   The contract being there stated, however, as an entirety, the plaintiff may pos-

sibly encounter some difficulties in sustaining it in all its parts by competent evidence. This count distinctly states an agreement, we think, upon a proper consideration, made between the county court and the railroad company to meet the emergencies of an epidemic of smallpox and to provide against the same, not only in the interest of the public but of the railroad company. On the part of the county court, it agreed to establish and maintain a pest house; and, in consideration thereof, on the part of the railroad company it agreed to provide and equip a proper car and furnish transportation for patients. While the contract as alleged was in the interest of the parties thereto, it was also made in the interest of a person of that class of which the plaintiff was one; and when the plaintiff was received, voluntarily or involuntarily, as a passenger upon the defendant's car, to be transported under that contract thus made, the obligations of carrier and passenger at once arose under the contract, as well as impliedly, for the proper, safe and convenient transportation contemplated by the contract; and for a breach of the duty of the defendant to him under the contract the plaintiff would have a proper cause of action, either upon the contract or in an action *ex delicto* as he might elect. This position seems well supported by numerous authorities cited by counsel. Among them are Hutch. on Carr. (2nd Ed.) section 537 (see also 3rd Ed, section 992, note 27;) 3 Page on Cont., section 1308 and notes; *Rowan* v. *Hull*, 55 W. Va. 335, Syl. 5. Besides these authorities and others cited by counsel, our own Code (section 2, chapter 71) provides that "if a covenant or promise be made for the sole benefit of a person with whom it is not made or with whom it is made jointly with others, such person may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise." See on this subject also *Nutter* v. *Sydenstricker*, 11 W. Va. 547; *Johnson* v. *McClung*, 26 W. Va. 659; and *Ross* v. *Milne*, 12 Leigh 204. This doctrine has been extended, by persuasive authority, to one of a class of presons where the class is sufficiently designated. *Burton* v. *Larkin*, 36 Kan. 246;

*Johnson* v. *Ins. Co.* 66 Wis. 50; *Lockland* v. *Beckwith*, 5 N. Y. St. 583.

We therefore reverse the judgment of the circuit court, overrule the demurrer to the second count of the declaration, set aside the verdict of the jury, and award the defendant a new trial; and the cause is remanded to the court below, with leave to the plaintiff if so advised to amend his declaration, and to be further proceeded with according to law.

*Reversed.　Remanded.*