# CHARLESTON.

GOLDA O'NEAL v. POCAHONTAS TRANSPORTATION CO. et al.

(C. C. 353)

Submitted September 2, 1925.   Decided September 8, 1925.

1. PLEADING—PROCESS—*Joinder of Action in Contract With One in Tort Renders Declaration Demurrable; Defect Is Amendable, and Writ May Be Conformed.*

   The joinder in a declaration of a cause of action sounding in contract with one sounding in tort is a misjoinder of causes of action, and makes the declaration demurrable.   (p. 458.)

2. CARRIERS — *Insurance Company Indemnifying Automobile Transportation Company Against Damages for Injury to Passenger Cannot Be Joined in Action by Passenger Against Company to Recover for Injuries, Unless Policy Expressly or by Necessary Implication So Provides.*

   A liability insurance company which by its policy indemnifies an automobile transportation company against liability for damages occasioned by injuries negligently inflicted upon one of its passengers, cannot be joined in an action by such passenger against the transportation company to recover damages for injuries so inflicted, unless the indemnity policy expressly or by necessary implication so provides.   (p. 460.)

3. SAME—*Statute Held Not to Authorize Joinder of Insurance Company Insuring Automobile Transportation Company For Injuries to Passengers as Party Defendant in Action by Passenger Against Transportation Company.*

   That part of sub-section Class H of section 82, chap. 6, Acts 1923, which requires of an applicant as a condition precedent to receiving a "certificate of convenience," to file with the State Road Commission a liability insurance policy satisfactory to the Commission, and in such sum as the Commission may deem necessary to adequately protect the interest of the public with due regard to the number of persons and the amount of property involved, does not authorize the joinder of the indemnity company with its assured as a party defendant in a suit at law by one claiming to have been negligently injured while being transported by such assured. The statute does not create a new remedy.   (p. 460.)

Case Certified from Circuit Court, McDowell County.

Action by Golda O'Neal against the Pocahontas Transportation Company and another. After overruling demurrers to the declaration, the trial judge certified his ruling for review.

*Reversed.*

*Harman & Howard,* for plaintiff.

*Sanders, Crockett, Fox & Sanders,* for defendants.

LIVELY, PRESIDENT:

Having overruled demurrers to the declaration, the trial judge on his own motion certified his ruling for review.

The declaration consists of two counts, the first of which contains the common counts in assumpsit; and the second count charges, in substance, that defendant Pocahontas Transportation Company applied to the State Road Commission for a certificate of convenience to operate automobiles for carriage of passengers and freight for hire between stated termini, and was given such certificate of convenience and filed as required by law with the Commission liability insurance satisfactory to the Commission, as provided in subsection Class H of Sec. 82, Chap. 6, Acts 1923. That by virtue of the certificate issued to it the defendant Transportation Company became a common carrier of passengers for hire and reward; and that plaintiff for a consideration paid by her became a passenger on one of the busses operated by it, whereby the Transportation Company and the defendant Ocean Accident & Guarantee Corporation, Limited (the insurer executing the indemnity insurance policy), entered into an implied contract with her for safe carriage of her person and property to her destination; and that defendants did not carry her safely, but through their agents negligently and carelessly operated the bus on which she was riding by reason of which she received personal injuries and injury to her property; and that she was prevented from transacting her necessary affairs and business to the amount of $500.00; that the damage to her property (clothing) amounted to $100.00; that she paid out and expended the sum of $500.00 for med-

ical attendance; and that her entire damages resulting from the negligence of defendants amounted to $5,000.00, for which she sues.  The declaration sets out the details of the accident by which the injuries were received, and charges, in substance, that the operator of the car negligently and carelessly ran it over a steep embankment in attempting to pass another car at a high rate of speed on the narrow part of the road. The indemnity insurance policy between the Transportation Company and the Ocean Accident & Guarantee Corporation, Limited (hereinafter called the Insurance Company), is set out in *haec verba* in this second count of the declaration.

Defendants filed joint and separate demurrers.  The points of demurrer are:  (1)  misjoinder of common counts in assumpsit with special count sounding in tort; (2) misjoinder of parties defendant: (a) the declaration joins an action against the Transportation Company for negligence with a cause of action against the Insurance Company for breach of contract of carriage; (b) the cause of action purports to be for breach of an implied duty for safe carriage, while the liability policy pleaded is expressly limited to indemnity to the assured for losses arising out of torts and also to indemnify the assured against losses and damages to its own property in the operation of its cars.

On the first point of demurrer it is insisted by plaintiff's counsel that the action is in assumpsit and therefore the incorporation of the common counts in assumpsit with a special count for breach of the contract of carriage, is not objectionable. If the two counts are based on a cause of action *ex contractu* their joinder would not be error in pleading. It is insisted, however, that the second count while ostensibly one charging a breach of an implied contract of carriage, is in reality founded on the tort of defendant Transportation Company in negligently and carelessly driving the bus in which plaintiff was a passenger over the embankment, to her physical and property damage, and according to its true intendment and effect is a count based on tort, wherefore, the cause of action is *ex delicto,* and it was error to join it in the declaration with another count on contract, namely, the common

counts in assumpsit. It is well settled that in cases of this character plaintiff may sue in assumpsit or sue in tort, as he may elect. The question here presented is whether the second count is purely a count for breach of the contract of carriage. If that be true, the count is demurrable for misjoinder of parties, on the ground that the liability policy set out in full in the count does not indemnify the assured Transportation Company against its breaches of contract of carriage. The insurance contract protects the assured against damages which may be recovered against it for injuries to persons or property while being transported by it, and indemnifies the assured against damage to its own property in the operation of its bus line. The gravamen of the special count is the negligence of the Transportation Company in the operation of the car. The damages claimed in the declaration arise out of that tort. As pointed out in *Hall* v. *Philadelphia Company*, 74 W. Va. 172, the measure of damages for a tortious act resulting in the breach of the contract is quite different from the damages for breach of the contract in assumpsit. The opinion says: "The distinction between damages in assumpsit and in tort is not always observed," and quotes from Sedgwick on Damages the following:

" 'The inherent difference between a breach of an agreement between parties, and that sort of a breach of duty which we call a tort, is as old as the law itself. It is believed, too, that as a general rule the measure of damages in one case is necessarily different from the measure of damages in the other. To put the plaintiff in the same position as if the contract has not been broken is the object in cases of contract; whether the contract is broken by accident or by fraud can make no difference. As long as the action is brought to obtain compensation for the loss of the contract, the circumstances attending the breach cannot affect the result. But if the cause of action is a tort, the plaintiff must obtain full compensation for an act or series of acts, the full effect of which cannot even be understood unless we know every circumstance of aggravation and mitigation. * * * 2 Sedgwick on Damages, (9th ed.), sec. 602.' " The opinion further says:

"The sole question (in the action of assumpsit) is, what is the pecuniary value of the contract right taken from plaintiffs." The damages claimed in the count under consideration are not for the value of the contract, but are damages peculiarly arising out of the tort. The gravamen of the count is defendant's tort, resulting in the breach of contract. Clearly the count sounds in tort. The courts will look to the substance and object of a pleading for its true intendment and meaning and not to the name by which it may be called. A count sounding in contract cannot be joined with a count sounding in tort. This renders the declaration bad for misjoinder of counts. It is permissible, however, to amend the pleading by elimination of one of the counts. *Shafer* v. *Security Trust Co.*, 82 W. Va. 618; *Knotts* v. *McGregor*, 47 W. Va. 566. When so amended the writ may be changed to conform to the amendment. Sec. 15, Chap. 125, Code. The demurrer should have been sustained, on the ground of misjoinder of actions, with the privilege to the plaintiff to amend.

The main point of error and that to which the oral argument and briefs are largely addressed, is the alleged misjoinder of parties defendant. Plaintiff's counsel concedes, and it is plainly apparent, that the defendant Insurance Company is not primarily liable (surely not on the contract of carriage) to plaintiff, unless the statute of 1923 above referred to (sub-section Class H of Sec. 82, Chap. 6, Acts 1923) can be construed to afford plaintiff such remedy; for in the terms, stipulations and provisions of the indemnity policy, as pleaded, there is nothing which would afford to plaintiff the right to sue the indemnitor without first having successfully asserted her unliquidated claim against the assured. The statute reads:

"No certificate shall be issued by the state road commission to any applicant until and after such applicant shall have filed with the state road commission a bond with surety approved by the commission or liability insurance satisfactory to the commission, and in such sum as the commission may deem necessary to adequately protect the interest of the public with due regard to the number of persons and the amount

of property involved, which bond shall bind the obligors thereunder to make compensation for injury to persons and loss of or damage to property, resulting from the operation of such motor vehicles; *provided, however,* that in all cases where the financial responsibility of the applicant is less than five thousand dollars the state road commission shall require for each such motor vehicle a liability insurance bond in some company duly authorized to do business in this state in at least the sum of one thousand dollars and conditioned as above set forth. The state road commission shall adopt and furnish such rules and regulations as may be found necessary to carry out the provisions of this section.''

It will be observed that there are two kinds of security which may be filed with the state road commission ''in such sum as the commission may deem necessary to adequately protect the interest of the public with due regard to the number of persons and the amount of property involved'' as a condition precedent to the award of the certificate of convenience, namely, (1) a bond with surety to be approved by the commission which shall bind the obligors thereunder to make compensation for injury to persons and loss or damage to property resulting from the operation of such motor vehicles; or (2) liability insurance satisfactory to the commission. It is argued by plaintiff's counsel that inasmuch as the condition of the bond, if one be filed, requires that it shall be conditioned to make the obligors thereunder pay for personal injuries and damage to property, the other kind of security provided for, the indemnity insurance, should contain such provision, and if it does not, the statute itself should be read into the liability insurance policy and give the same remedy which plaintiff would have on the bond, joint suit against the obligors on the bond. It is clear that the requirement of filing one or the other of these obligations is to protect the interest of the public. The bond will do so as to damages for personal injuries and that obligation so conditioned would afford a remedy by suit against both obligor and his surety thereon. The indemnity insurance is quite another kind of obligation and the remedy thereon is quite different.

The policy pleaded is a contract between the assured, the Transportation Company, and the Insurance Company whereby it is stipulated that it will pay and satisfy judgments finally establishing the assured's liability in actions for damages for bodily injury or death as a result of the ownership, maintenance or use of the cars; as well as to indemnify the assured for damage to its own cars in their operation. The security of the interests of the public may be greater under such indemnity insurance than under the bond, for the assured is protected in the preservation of its cars thus affording means for the constant and prompt transportation of persons and property; whereas, no such provision is required by the statute to be incorporated in the bond. The statute affords a right of protection to the public by the filing of these obligations. But the statute does not in terms or by implication direct what remedy shall be pursued in the enforcement of that right. A right is one thing; the remedy is another. We do not perceive that the statute has attempted to give a new remedy. If a bond be filed the remedy on that bond against the obligor and his surety is definitely settled by law. Both may be joined in one suit to enforce that right. No such remedy is afforded by the law to one injured against an insurance company which by a policy of indemnity entered into between it and the assured protects the latter from such liability. There is no privity of contract between the injured person and the insurance company. The remedy, well established, is by a suit against the tortfeasor alone. Does this statute change that remedy? The statute seems to indicate otherwise, for under the proviso, a person or company cannot obtain a certificate of convenience if his or its financial responsibility is less than $5,000.00, unless he or it gives for each motor vehicle a liability insurance *bond* in some company duly authorized to do business in this State, in at least the sum of $1,000. for each of such motor vehicles, conditioned as above set out. The statute seems to indicate that if the applicant is not financially responsible for more than $5,000. he must give an obligation on which an injured

person may maintain a direct action against the obligor and security jointly.

There are many cases which hold that an injured party may maintain a suit for personal injuries against a surety or insurance company protecting a transportation company against such liability by surety bond or liability insurance, without first asserting his claim for damages against the transportation company. Among these decisions are: *Milliron* v. *Dittman*, 181 Pac. 779; *White* v. *Kane*, 192 N. W. 57; *Boyle* v. *Manufacturers Liability Ins. Co.*, 115 Atl. 383; *Devoto* v. *United Auto Transportation Co.*, 223 Pac. 1050. However, an examination of these and quite a number of other cases so holding, reveals that the statute or ordinance requiring these securities to be given by the transportation company expressly provided that suits could be maintained directly against the transportation company and the surety on the liability bond or the insurance company furnishing the liability insurance. The law gave the remedy in these cases. The case of *Smith Stage Company* v. *Eckert* (Arizona), 184 Pac. 1001; annotated in 7 A. L. R. page 995, is quite similar to the case at bar. The plaintiff there sued the stage company for injuries negligently inflicted upon him, and joined as defendant the indemnity company which had insured the stage company against damages of that character. The terms, stipulations and agreements of the contract of indemnity between the stage company and the indemnity company are very similar to those contained in the indemnity policy in the case at bar. It appears that when the stage company and the indemnity company presented their contract the corporation commission required that there be endorsed on the policy a provision to the effect that the terms and conditions thereof should inure to the benefit of any or all persons suffering loss or damage and that suit might be brought thereon in any court of competent jurisdiction by any person, firm, association or corporation suffering any loss or damage; and after final judgment was rendered against the assured by reason of any loss or claim covered by the policy the insurance company should pay the

judgment up to the limit prescribed in the policy. This provision attached to the policy, read in connection with the terms and conditions set out in the policy itself, was construed to mean that the insurance company should ultimately be liable for the payment of a judgment for such injuries after the judgment had been recovered against the stage company. Without such a provision there was no right of recovery at all against the insurance company, and under the terms of the policy a person injured by the stage company had no right of action or recovery against the indemnity company, the contract of insurance being for the benefit of the assured alone. It was held, and we think properly so, that the stage company and the insurance company could not be joined as defendants in a suit by the injured person to assert his claim for damages; but when his claim was reduced to judgment then he had his right of action on that judgment against the insurance company. It will be observed that in the policy under consideration the indemnity company stipulates to pay such judgments. In *Devoto* v. *United Auto Trans. Co.*, 223 Pac. 1050, cited above, and relied upon by plaintiff, the court construed a statute somewhat similar to ours as giving a right to join the transportation company and the indemnity company in a suit for damages by the injured person; but based that finding by reading in pari materia another statute which provided in express terms that where accidents of that character occurred in cities of a certain class the injured person could sue jointly the transportation company and the indemnity company. The court said that it was not to be presumed that the legislature could have contemplated that one rule should be in force in cities and a different rule outside of cities, and that the two statutes should be construed as establishing one rule or remedy to be pursued in such cases.

It is contended by plaintiff that the joinder of the Insurance Company as defendant with the Transportation Company is justified under the provisions of Section 2, of Chap. 7, Code 1923, because the promises of the policy were for her sole benefit, or for the sole benefit of a class of which she is a member, citing *Jenkins* v. *C. & O. Ry. Co.*, 61 W. Va. 597;

57 S. E. 48.  It is clear that the policy pleaded is not for the sole benefit of any one who might be injured in the operation of the car; but is also for the benefit of assured as a protection from claims for damages as are now asserted and to protect it against damage to its own property in the operation of its car.  It is also for the protection of owners of goods transported, and for the benefit of the public generally, in that transportation for passengers and goods will be afforded at stated hours.

The policy pleaded contains or has attached what is called an "automobile endorsement," which among other things, includes the following:

"It is further understood and agreed that the obligations and promises of said policy shall inure to the benefit and protection of any person sustaining bodily injuries and/or property damage as provided for in said policy, or in the event of the death of such person to the benefit and protection of the person or persons entitled under the law of the state having jurisdiction to maintain an action for damages and that the said obligations and promises of said policy constitute a direct liability to such person or persons whether an action for damages is brought against the named assured alone or jointly with the Company."

It also provides that:  "This endorsement when countersigned by a duly authorized agent of the undermentioned Company and attached to policy No. UC-953019 issued to POCAHONTAS TRANSPORTATION .C O M P A N Y, of Welch, West Virginia, shall be valid and shall form part of said policy."  This endorsement while signed by defendant Insurance Company, is not countersigned by an authorized agent; nor does the declaration state that this endorsement was attached to policy UC953019 issued to the Transportation Company.  A pleading which is uncertain or ambiguous is construed most strictly against the pleader.  By its very terms as pleaded this automobile endorsement is not a part of the policy.  It would, therefore, be useless to determine in connection with the various terms and stipulations in the body of the policy with reference to the payment of judgments ren-

dered against the assured and the like, what effect this endorsement if valid and a part of the policy would have on the question of joinder of the two defendants for the primary assertion of the claim for damages.

Another point of demurrer is that the declaration does not sufficiently charge that the bus in which the plaintiff was injured was covered by the policy. It suffices to say on this point that it is doubtful if the allegations could be so construed. There is no direct allegation to this effect. But inasmuch as the declaration will have to be amended, it may be presumed that this doubtful point will be covered by sufficient averments.

The ruling of the Circuit Court will be reversed.

*Reversed.*