## CHARLESTON.

CARRIE HAMILTON, *Admrx. etc. v.* PAINT CREEK
COAL MINING COMPANY

(No. 5678)

Submitted March 1, 1927.    Decided ·March 15, 1927.

MASTER AND SERVANT—*Assumpsit or Trespass on Case Lies for Breach of Employer's Contract to Furnish Competent Physician, Causing Death of Member of Employee's Family.*

Where an employer agrees with his employee, in considera-
tion of a bi-weekly compensation, to furnish and provide the
employee and the members of his family with the services of
a reasonably careful, prudent, skilled and competent doctor,
the administrator of one alleged to have been a member of
the employee's family during the continuance of said agree-
ment, and whose death is charged to have resulted from its
breach by the employer, may maintain against the employer
an action of assumpsit, or trespass on the case, for damages.

(Master and Servant, 39 C. J. § 354.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Kanawha County.

Action by Carrie Hamilton, administratrix, etc., against
the Paint Creek Coal Mining Company. A demurrer to
plaintiff's declaration was sustained, and she brings error.

*Reversed.*

*J. Howard Hundley,* for plaintiff in error.
*Payne, Minor & Bouchelle* and *John V. Ray,* for defendant
in error.

LITZ, JUDGE:

Plaintiff complains of the ruling of the circuit court, in
sustaining a demurrer to her declaration.

The action is on case. The declaration charges, in sub-
stance, that the defendant, owner and operator of a coal
mine in Kanawha county, agreed with G. L. Hamilton, one
of its employees, in consideration of $1.00 every two weeks,

"to furnish and provide said G. L. Hamilton, and each and all of the members of his family, a reasonably careful, prudent, skilled and competent doctor for and during any sickness of the said Hamilton or any member of his family"; that plaintiff's decedent, a child six months of age at the time of its death, was, in his lifetime, a member of the family of said G. L. Hamilton; that while said agreement between defendant and G. L. Hamilton was in force and effect said child became suddenly ill; whereupon the plaintiff called upon one, Doctor Skaggs, then in the employ of the defendant, to attend and treat said infant, but that he, the said Skaggs, failed and refused to render any medical aid to said child, as a result of which it developed cholera infantum and soon died; that said doctor was negligent, unskilled and incompetent; all of which the defendant knew or, in the exercise of reasonable diligence, should have known.

The record discloses no grounds of demurrer, but the defendant now urges the following: (1) the action should have been on contract and not in tort; (2) the contract between G. L. Hamilton and the defendant, not being for the sole benefit of the decedent, suit in equity and not an action at law should have been brought; and (3) the declaration should have shown in what way the decedent was a member of G. L. Hamilton's family.

*Neil* v. *Flynn Lumber Co.*, 71 W. Va. 708, holds that either assumpsit upon the contract, or an action for tort may be maintained in such case.

We are of opinion also that an action at law is authorized under the decision in *Jenkins* v. *Railway Company*, 61 W. Va. 597. That case involved a contract between a county court and the railway company for the mutual advantage of the parties in preventing the spread of contagious disease, the carrier agreeing, in consideration that the county court provide and maintain a pest house for the care and treatment of persons infected with the disease, to transport such persons, in a car furnished and equipped by it, to the pest house. It was held that one of such class of persons, in whose interest also the contract was made, may maintain in his own name

an action against the carrier, either in assumpsit upon the contract, or in tort for damages resulting from a breach of its duty to him under the contract. In *Guy* v. *Lanark Fuel Company,* 72 W. Va. 728, involving a similar contract,. the wife of the employee, as a member of his family, was permitted to maintain an action in trespass on the case for damages sus-· tained from its alleged breach.

The declaration is not, in our view, demurrable on the third ground. Whether or not the decedent was a member of the family of G. L. Hamilton will depend upon the proof.

The ruling of the circuit court is, therefore, reversed and the demurrer overruled.

*Reversed.*