## ULMEN v. NATIONAL SURETY CO. OF NEW YORK.
### No. 802.

District Court, D. Montana.
May 12, 1933.

Thomas M. Murn, of Terry, Mont., P. F. Leonard, of Miles City, Mont., and H. Lowndes Maury, of Butte, Mont., for plaintiff.

John G. Brown and L. V. Ketter, both of Helena, Mont., for defendant.

BOURQUIN, District Judge.

Defendant interposes general demurrer to the amended complaint. The latter's allegations are that with Montana one Schwieger contracted to construct and improve a section of the state's highways, therein, amongst other things, covenanting that he would "provide, erect and maintain all necessary barricades, suitable and sufficient red lights, warning and danger signals and signs, provide a sufficient number of watchmen and take all necessary precautions for the protection of the work and safety of the public. The Commission will provide and the Contractor shall erect and maintain acceptable and 'adequate detour signs at all closures and along the detour routes. All barricades and obstructions shall be illuminated at night, and all lights shall be kept burning from sunset until sunrise"; that Schwieger furnished the bond by contract and statute required, which for hire defendant executed in penal sum to be paid the state, conditioned that, if Schwieger "as contractor shall in all respects comply with the terms of the contract, and his, their or its obligations thereunder including the specifications therein referred to and made part thereof and such alterations as may be made in said specifications as therein provided for, and shall well and truly, and in a manner satisfactory to the State Highway Commission, complete the work contracted for, and shall save harmless the State of Montana, from any expense incurred through the failure of said contractor to complete the work as specified, or from any damages growing out of the carelessness of said contractor of his, their, or its servants, or from any liability for payment of wages due or material furnished said Contractor, and shall well and truly pay each and every person furnishing material or performing labor in and about the construction of said work, every and all sum or sums of money due him, them or any of them, for all such labor and materials for which the contractor is liable, and also shall save and keep harmless the said State of Montana against and from all losses to it from any cause whatever including patent, trade-mark and copyright infringements, in the manner of constructing said section of work, then this obligation to be void or otherwise to be and remain in full force and virtue"; that in performance Schwieger ex-

cavated in the highway, did not guard the same, and plaintiff, traveling said way, without fault fell into said excavation, to his injury and damage; and that, by reason of Schwieger's breach of the contract and plaintiff's injury and damage as aforesaid, and not for any breach of common law or other duty, in a court of the state and against Schwieger, plaintiff recovered judgment yet unpaid.

The prayer is that from defendant plaintiff recover the amount of said judgment, which is less than the penalty of the bond.

It is noted that in the original complaint, which from the amended differs more in form than in substance, and to which general demurrer was sustained, it is alleged Schwieger was negligent, and that the judgment aforesaid was "that said Schwieger pay to the plaintiff, by reason of his said negligence and the plaintiff's injuries caused by the same," the amount of the recovery.

This departure in allegation of the theory of action in the state court is ignored by defendant, whether or not material, and the issue is whether within section 7472, Rev. Codes Montana 1921, the contract of which the bond is a part, is in part at least "a contract, made expressly for the benefit of a third person"; that is to say, for the benefit of the traveling public and enforceable by plaintiff as one of that class.

■ The language of the statute is direct, simple, plain, clear, and reasonable, by reason of which the only applicable rule of interpretation is to give it effect as written, according to its obvious meaning and by the legislature intended. Likewise, mutatis mutandis, the contract and bond.

■ The law of the state governs the issue, and in the action aforesaid the state Supreme Court evidently holds that the contract so far inured to the benefit of the traveling public that plaintiff, one of that class, and injured by its breach, could and did count and recover upon it. See Ulmen v. Schwieger, 92 Mont. 331, 12 P.(2d) 856, 860.

■ Schwieger in direct or express terms covenanted that during construction he would protect the public. The proximate and direct benefit of that promise performed would be the traveler's on the highway. Any benefit to the state was remote and incidental to the safety of the person and property of any its citizens. For the state was without legal duty, though charged with moral duty, to afford the protection in the contract stipulated and assumed by Schwieger. A traveler injured by that duty unperformed has no right of action against the state.

Now the parties to the contract must have intended to benefit some one, must have intended what is presumed—the plain consequences of their agreement performed, the benefit and protection of the public. Otherwise the covenant is mere idle language. Unless for his benefit, plaintiff could not have successfully sued Schwieger upon the covenant as in the state court he apparently did. Hence it seems clear that the intent of the covenant is, as its express language and logical result are, the benefit of the public.

■ And as usual and as to other stipulations in the contract, to the express promise of protection to the public, in absence of an express promise to pay for any its breach, the law attaches the implied promise to pay.

■■ The contract inuring to the benefit of plaintiff, the bond which in general language without limitation engages that Schwieger "shall in all respects comply with the terms of the contract," does likewise. Schwieger not complying with the contract in respect to the safety of the traveling public, in consequence plaintiff injured, the surety is responsible and liable for the resulting damage.

It is recognized that the cases in point are irreconcilable and too often defy analysis. In them, as always, appear the accidental and/or designed circumstances of the judicial career, referred to in the Great Falls Gas Co. Case, 59 App. D. C. 197, 39 F.(2d) 176, 177.

Of the Roper Case, 195 N. C. 840, 143 S. E. 847, 67 A. L. R. 984, by defendant urged and mainly relied upon, it suffices to say its conclusion is the fruit of strict construction, ejusdem generis, and what not of rules which have no application here.

Other cases more or less analogous are German Alliance Ins. Co. v. Homewater Supply Co., 226 U. S. 232, 33 S. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000; Maumee Valley Case, 13 F.(2d) 104; In re Gubelman (C. C. A.) 13 F.(2d) 730, 48 A. L. R. 1037; Redditt's Case (Miss.) 55 So. 45, 34 L. R. A. (N. S.) 152; Jenkin's Case, 61 W. Va. 597, 57 S. E. 48, 11 Ann. Cas. 967, 49 L. R. A. (N. S.) 1167 and notes; Clatsop County v. Feldschau, 101 Or. 369, 199 P. 953, 18 A. L. R. 1221 and notes.

■ The argument ab inconvenienti can detract nothing from contract and bond. The contract made, the amount of damages possible is immaterial. See German Alliance Ins. Co. v. Homewater Supply Co., supra. Likewise in respect to allocation of the penal sum

of the bond in event the state and others suffer damages in excess of it, and the ill effect of an adverse decision upon the state, surety companies, public contracts, and bonds. The latter are able to protect themselves.

As saith the immortal bard: "An onion holds the tears to water their grief."

 A surety company, like any other indemnity or liability insurance company, gauges the hazard and charges accordingly. Their contracts are construed like other contracts.

"There is no peculiar sanctity as a halo of special privilege surrounding bonds and suretyship." Whittaker v. U. S. Fid. & Guaranty Co. (D. C.) 300 F. 129, 133.

Like all others, what they undertake they must pay.

Demurrer overruled.