## ULMEN v. NATIONAL SURETY CO.
### No. 802.

District Court, D. Montana.
Aug. 7, 1933.

H. Lowndes Maury, of Butte, Mont., for plaintiff.

John G. Brown, L. V. Ketter, and John E. Erickson, all of Helena, Mont., for defendant.

BOURQUIN, District Judge.

In the case reported in (D. C.) 3 F. Supp. 348, after execution unsatisfied, plaintiff presented affidavit that defendant has property it unjustly refuses to apply to satisfy the judgment, money due from unknown persons in Montana, and that the National Surety Corporation, in application for license to do business in Montana, has admitted it has under its control personal assets of defendant exceeding the judgment.

Thereupon citation was ordered to defendant and the corporation to "answer concerning the said matters in the affidavit," but the citation issued, directed to defendant and the corporation, is only to answer "concerning any property real or personal in the possession or under the control of the" corporation belonging to defendant or in which it has interest or claim.

To the citation the answer of defendant by local counsel verified on information and belief is that, pursuant to the laws of New York of which defendant is a corporation, the superintendent of insurance of that state made application to a Supreme Court thereof for an order to take possession of all defendant's property and rehabilitate defendant; that thereupon the court enjoined every one everywhere from any interference by judgment or otherwise with defendant or its assets; that said superintendent has taken and now has possession of all defendant's property; and that defendant has no property in Montana "that a receiver might administer." The corporation did not answer.

It appears the citation was served upon the insurance commissioner of Montana, doubtless assumed to be pursuant to statute. But it does not appear that the statute applies, for there is no evidence that the corporation has appointed the commissioner its attorney to that end, a statutory prerequisite to valid service. Sections 6212, 6213, Rev. Codes Mont. 1921. Hence, no service, the proceedings so far fail.

However, with the affidavit, plaintiff served upon defendant notice of application for the receivership usual in supplementary proceedings. There is no evidence defendant has any property within the jurisdiction or elsewhere, save the inference from the negative pregnant conclusion in the answer. It does appear that April 29, 1933, in a Supreme Court in New York, the state of defendant's incorporation, the state's superintendent of insurance, pursuant to the state law, representing it was on defendant's request, applied for authority to take possession of defendant's property, conduct its business, and rehabilitate defendant according to plan submitted, in the mesne time the usual injunction to issue against suits, etc. The court forthwith issued an order to show cause accordingly.

There is no evidence that the superintendent was granted authority to possess defendant's property and conduct its business, no evidence any injunction issued; but in what purports to be a decision of the court, without certification thereof, it is stated the court had approved the plan of rehabilitation. That the plan has been executed does not appear. Of the plan itself little need be said, save it seems ingeniously devised to discriminate between creditors without even pretense of justification, to multiply offices, officers, salaries, and expense, whether or not also usual bonuses, commissions, etc. For it involves not restoration of defendant to financial health, but transfer of all its assets to some three new corporations, one of which is the corporation herein and the shares of which would be transferred to defendant.

A proposed agreement between the superintendent and the corporation provides for transfer to the latter of some $12,000,000 assets of defendant, no doubt the cream of them, and the only assets of the corporation, in return for which the corporation exchanges its capital stock. These assets do not inure to the benefit of creditors in plaintiff's category, but only to creditors of subsequent date. The former's fate depends upon whatever other and undescribed assets, if any, defendant has, and which by the plan are to be conveyed to another of the three corporations for the benefit of creditors and stockholders of defendant.

In the circumstances the plan needs no further comment than the observation that, if

it is anything but a strategic substitute for discredited if not outmoded receiverships, and open to the same but more aggravated abuses and scandals, it is not apparent. In fact, defendant merely shifts its assets from an old pocket to a new, changes the old label company to the new corporation, and its and the same officers in charge of both—mere legal thimble-rigging to defeat creditors.

Of the indefinite, ambiguous, and more or less incompetent nature of defendant's answer and evidence, plaintiff makes no complaint. His attitude seems to be that the court should enjoin the corporation from any disposition of the assets "until an order of application of the property is made and five days allowed the Corporation to obey it." If disobeyed, sale by the Marshal of said assets, or until plaintiff can prosecute to conclusion some appropriate suit. Defendant argues the proceedings should be dismissed, citing Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337; Converse v. Hamilton, 224 U. S. 243, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. It suffices to say the circumstances of this case do not serve to bring it within the doctrine of those cases.

As appears, no order can be made affecting the corporation. No reason is perceived, however, why, in conformity to the local statutes, the plaintiff may not have an order that defendant on oath in positive terms by some of its responsible officers shall file herein a list of assets owned by it in this state and/or elsewhere, and thereupon apply sufficient to satisfy the plaintiff's judgment. Or a receiver may be appointed.

And until ordered otherwise, defendant is enjoined from any transfer of any its assets.