# CHARLESTON.

HETTIE SHEPHERD v. POCAHONTAS TRANSPORTATION COMPANY and OCEAN ACCIDENT & GUARANTEE CORPORATION

(No. 5481)

Submitted January 26, 1926.    Decided February 2, 1926.

CARRIERS—PLEADING—PROCESS—

> Points 1, 2 and 3 of the syllabus in *Golda O'Neal* v. *Pocahontas Transportation Company et al.,* 99 W. Va. 456, 129 S. E. 478, approved and applied.
>
> Carriers, 10 C. J. §1406: Pleading, 31 Cyc. pp. 292, 438: Process, 32 Cyc. p. 534.)
>
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by Hettie Shepherd against the Pocahontas Transportation Company and another. Judgment for plaintiff; and defendants bring error.

*Reversed.*

*Sanders, Crockett, Fox & Sanders,* for plaintiffs in error.
*Harman & Howard,* for defendant in error.

LIVELY, JUDGE:

This writ is to a judgment of the circuit court rendered March 3, 1925, for $10,000 damages in favor of plaintiff, for

personal injuries and for damages to her personal property while a passenger on a bus used and operated by defendant transportation company as a public carrier. The Ocean Accident & Guarantee Corporation, an insurance company which insured the transportation company against damages of this character, is a defendant and the judgment is against it also. Both defendants prosecute error.

The suit arises out of the same accident mentioned in the certified case of *Golda O'Neal* v. *Pocahontas Transportation Company et al.*, 99 W. Va. 456, 129 S. E. 478; and the damages claimed in each of these cases are almost identical except in the character of injuries and amounts sued for. As in the O'Neal case, defendants interposed a demurrer to the declaration, on the grounds that there was a misjoinder of counts and a misjoinder of parties defendant. We decided in that case that the demurrer was well taken on both of these points. The brief and argument of counsel for appellees is upon the proposition that the court was in error in the O'Neal case in holding that the declaration was bad. Practically the same authorities are cited and the same argument made in this case as in the O'Neal case.

Appellant assigns many grounds of error which it will not be necessary or proper to consider if the declaration is in fact bad.

We can perceive no good reason for a reversal of the holding in the O'Neal case, either upon the ground that there was a misjoinder of counts or that there was a misjoinder of parties defendant, either of which rendered the declaration bad. On the contrary, further investigation convinces us that the former holding sets out the correct principles, and is supported by abundant authority and sound reasoning.

In cases of this character against public carriers, if there be doubt as to whether the declaration or count is upon the contract or is upon the tort which is charged as the breach of the contract, we find that the courts lean to the construction that the suit is for the tort, one reason being that under such actions greater latitude is allowed to the plaintiff in the prosecution of his case and in the recovery of damages. The measure of damages is quite different in many cases, as was

pointed out in the opinion in the O'Neal case. Punitive or exemplary damages are not recoverable in the action on the contract; but upon the action of tort they are recoverable; and an inspection of the declaration under consideration discloses that the charge of negligence on the part of defendants which caused the accident was committed by its agents and servants "negligently, carelessly, wilfully, wrongfully and in utter disregard of plaintiff's rights and safety as such passenger." Under the declaration as one in tort, punitive or exemplary damages could be recovered, if the evidence warranted; but if the count be on the contract they could not be recovered. Clearly this allegation of wanton and wilful negligence, together with the facts pleaded on which they are based, makes this count (the second count in the declaration) "sound in tort", which means that it has the nature or effect of a tort. The rule is to construe a count as partaking of the nature of the action stated in the writ, if possible. But if the form and structure forbid, it cannot be so construed. *Ferrill* v. *Brewis,* 25 Grat. 765. The gist or gravamen of the count is a tortious act which constituted a breach of the contract. Vol. 3, Michie on Carriers, sec. 3094, page 2565, says: "In cases of this kind the character of the action must be determined by the nature of the grievance rather than by the form of the declaration, and it seems that the courts are inclined to consider it as founded in tort unless a special contract is clearly shown by the declaration." Abundant authority is cited, which, when examined, supports the text. And, "if it appears that the complaint is based upon the breach of the public duty, the action is in tort, and its character as such is not changed by the fact that the complaint alleges a contract of transportation, the purchase of a ticket, or the payment of fare". 1 C. J. sec. 151, page 1028; and cases cited. To the same effect is sec. 1407 of Hutchinson on Carriers (3rd ed.), page 1693. See *Serwe* v. *Northern Pac. R. Co.,* 48 Minn. 78; *McKeon* v. *Chicago M. & St. P. Ry. Co.,* 94 Wis. 477, 69 N. W. 175, 35 L. R. A. 252, 59 Am. St. Rep. 910. Numerous cases from other jurisdictions could be cited, but time and space forbid. A column of such cases is col-

lected in the note to the above citation to 1 C. J. sec. 151.
A minor number of decisions hold that such declarations are
on the contract of carriage. Our own cases are in accord
with the great weight of authority. In *McKay* v. *Ohio River
R. Co.*, 34 W. Va. 65, where the query arose as to whether the
declaration was in assumpsit on the contract for carriage, or
on the tort which breached the contract, Judge BRANNON held
that the setting out of the contract in the declaration was a
mere inducement to show the relation of carrier and passenger
and the public duty of the former, but that the gravamen of
the action was the negligence charged, and that the action
was in tort. The case under consideration and the McKay
case are not different in principle. *Shafer* v. *Trust Co.*, 82
W. Va. 618, while not a case involving a suit against a com-
mon carrier, illustrates when a declaration or count will be
considered as upon the tort or upon the contract. Our more
recent case of *Hill* v. *National Bank*, 95 W. Va. 649, in which
a concise and well reasoned opinion was prepared by Judge
LITZ, is in accord with our former cases and with the texts
and decisions above cited.

We conclude, as we did in the O'Neal case, that the second
count in the plaintiff's declaration sounds in tort and cannot
be joined with the common counts in assumpsit, and that the
demurrer should have been sustained on that ground. A
statement of the allegations of negligence in the O'Neal case
saves a repetition of the allegations in the present declaration,
for, as above stated, they are practically the same.

On the second point of demurrer, the misjoinder of parties
defendant, we have again carefully considered the holding
in the O'Neal case and adhere to it. The statute under which
the policy of indemnity insurance was given no doubt affords
adequate protection to the interest of the public in the trans-
portation of persons and property, and in such sum as the
Commission deems sufficient. This policy binds the insurance
company to pay judgments which may be rendered against
the assured for damage to persons and property. But the
statute does not create a new remedy. The protection is
there, the remedy to assert that protection is apparent; the
policy approved by the Commission fixes the time for its as-

sertion. No provision is found in the statute by which suits on behalf of the public may be brought in the first instance against the insurer, as is found in many of the cases cited in the O'Neal case. We cannot usurp legislative functions and write into the statute a change of existing remedies. As above stated, we adhere to the decision in the O'Neal case on the misjoinder of parties defendant. It would serve no useful purpose to repeat here the discussion in that case.

As there must be a new trial on a proper declaration, it would perhaps be improper to consider the other points of error relied upon. They are all raised and will be considered in the case of Proudfoot against Pocahontas Transportation Company submitted for decision simultaneously with this case.

The judgment is reversed.

*Reversed.*