# CHARLESTON.

MARY CONWELL, ADMRX. *v.* VANCE HAYS *et al.*
NELLIE K. KELL *v.* JOE COELLIS AND UNITED STATES FIDELITY
AND GUARANTY CO.

(Nos. C. C. 389-391)

Submitted January 12, 1927.   Decided January 25, 1927.

1.  CARRIERS—*Policy Provision for Direct Liability Whether
    Action is Against Assured or Assured Jointly With In-
    surer Does Not Warrant Joinder of Taxi Driver and His
    Insurer in Tort Action (Acts 1925, c. 17, § 82, Class H).*

    A liability insurance policy agrees that the obligations and
    promises of the policy shall constitute a direct liability to
    any person injured as provided for in the policy, whether an
    action for damages is brought against the assured alone or
    jointly with the company.  Held: This agreement applies to
    a joinder of the insurer and the assured in an action for dam-
    ages in which such injured person waives the tort and sues
    upon an implied contract.  It does not warrant such joinder
    in an action in tort.   (p. 70).

    (Carriers, 10 C. J. § 1406 [Anno].)

2.  ACTION—*Tort Action Against Insured Cannot be Joined with
    Contract Action Against Insurer.*

    Pt. 1, Syl., *O'Neal* v. *Trans. Co.*, 99 W. Va. 456, negating
    the joinder of tort and contract in one action, applied. (p. 72).

    Actions, 1 C. J. § 262.)

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
    part of syllabi.)

Cases Certified from Circuit Court, McDowell County.  ·

Action by Mary Conwell, administratrix, against Vance
Hayes and another, and action by Nellie K. Kell against Joe
Coellis and another.  A demurrer to declaration was sustained
in each case, and the trial court certified its rulings.

*Rulings affirmed.*

*Froe, Capehart & Miller,* for plaintiff Conwell.
*Sanders, Crockett, Fox & Sanders,* for plaintiff Kell.
*Joseph M. Crockett,* for defendants.

HATCHER, PRESIDENT:

Vance Hays and Joe Coellis, defendants, respectively, in the above suits, are taxi drivers who have each secured from the State Road Commission of West Virginia certificates of convenience, authorizing the operation of automobiles for hire. In compliance with the requirements of Class H, Sec. 82, Ch. 17, Acts of the West Virginia Legislature, Regular Session, 1925, each of the above defendants filed with the Commission a liability insurance policy, issued by the defendant United States Fidelity and Guaranty Company. Each of the above suits was instituted to recover damages for injury from the alleged negligent operation of the assured's taxi. A demurrer to the declaration in each case was sustained by the circuit court of McDowell county, and each case certified here for our decision on the same proposition, to-wit, may the Company be made a joint defendant with the assured in these cases?

The above mentioned policies are in the same form as the policy under consideration in the case of *O'Neal* v. *Trans. Co.* 99 W. Va. 456. Because of that decision, counsel for the respective plaintiffs admit that the Company is not primarily liable to the plaintiffs under the general provisions of the policies, or by reason of Ch. 17, *supra*. They defend their pleading, however, by a rider termed ''Automobile Endorsement No. 130, West Virginia Compulsory Insurance'', which is attached to each policy and which is as follows:

> ''It is further understood and agreed that the obligations and promises of said policy shall inure to the benefit and protection of any persons sustaining bodily injuries and/or property damage so provided for in said policy, or in the event of the death of such person to the benefit and protection of the person or persons entitled under the law of the state having jurisdiction to maintain an action for damages and that the said obligations and promises of said policy constitute a direct liability to such person or persons whether an action for damages is brought against the named assured alone or jointly with the Company.''

A like form of endorsement was attached to the policy in the *O'Neal* case; but owing to the fact that it had not been countersigned by an authorized agent of the insurance company, it was not treated as a part of the policy, and its effect on the question of joinder of the defendants was not determined. See opinion, 99 W. Va. 465-6. In the present cases each endorsement is properly signed and countersigned by the representatives of the Company, and is therefore a part of the policy to which it is attached.

Counsel for the Company cite as conclusive, the O'Neal case and other cases denying the right to join the insured and the insurer in an action for damages. The reasons commonly advanced in those cases are, that no privity of contract exists between the injured party and the insurance company; that it has made no promise to him; and has assumed no obligations for his benefit. In the extensive annotation to this line of cases, 7 A. L. R. 1003, the learned author states that the inclusion of a provision in the contract of insurance or indemnity that it should inure to the benefit of an injured party, "would seem to eliminate the objection to joinder sustained in some of the cases, based upon lack of privity of contract between the injured person and the insurer." Here we have such a provision, and the further promise of *direct liability* to the injured party! Consequently, there is eliminated from the present cases the objection of lack of privity, lack of promise and lack of obligation.

Counsel also urge as a reason against permitting such a joinder, the probability of juries weighing the evidence and the damages against an insurance company less carefully than against an individual. It is not within our province to construe the endorsement in these cases in terms of expediency, but according to the expressed intent of the parties.

Counsel contend that because the main body of the policy contracts to defend any suit covered thereby brought against the assured, and because the endorsement expressly provides that nothing in it shall vary, waive or extend any of the agreements of the policy *unless so stated,* the endorsement must be construed in terms of the policy, which does not authorize a direct action against the insurer. This argument

is inapplicable, because the endorsement *does state* that direct
action is permitted. To construe the endorsement otherwise
would be to ignore not only its language but its purpose. The
obvious reason for attaching an endorsement to a policy is to
vary, waive or extend in some way the agreements of the
policy. Otherwise the endorsement would serve no purpose.
It is a fundamental rule of construction that words are to be
given their usual and popular meaning, unless they have
acquired a special or technical sense. There is no indication
or contention that the words in the endorsement have any
peculiar significance. If we give to the language of the en-
dorsement its usual and popular construction, then we must
hold that it binds the insurer to *direct liability* to the injured
person whether an *action for damages* is brought against the
assured alone or against the assured and the insurer jointly.

This construction, however, does not sanction a joinder of
the insurer with the insured in these particular cases. Here,
the liability of the insured is predicated on a tort. The
liability of the insurer is based on a contract. It has long
been settled law in this state that an action for a tort cannot
be joined in the same declaration with an action on a contract.
The negation of such a joinder was reiterated in the *O'Neal*
case. That case also held that the statute under which the
policies herein are required did not in any way change our
system of pleading. If that statute does not authorize the
joinder of tort and contract, the Commission, in executing
the mandate of the statute, can have no authority to bind the
insurance company to such a joinder. If, in its anxiety to
safeguard the interests of the travelling public, the Commis-
sion intended to require the insurance company to agree to
be joined with the insured in a tort action, then the Commis-
sion has exacted an agreement to a joinder not permissible
under our forms of pleadings, and the agreement to that
extent would be a nullity. Since our courts have no jurisdic-
tion to adjudicate a case on a pleading which attempts to unite
tort and contract, such jurisdiction cannot be conferred by
the litigants. Works, Courts and Their Jurisdiction, Secs.
11 and 12; *Shelton* v. *Sydnor*, 126 Va. 625. However, it is
permissible in this state for the injured party in such case,

when a passenger, to waive the tort and sue on the implied contract with the carrier.   If we construe the endorsement to refer to an action for damages in which the injured party waives the tort and sues on his implied contract of carriage, then the endorsement would refer to an action in which the insurer and the assured may be legally joined.   We therefore limit such joinder to an action on contract.

The judgment of the circuit court will accordingly be affirmed in each case.

*Affirmed.*