# CHARLESTON.

## THELMA CRISS *v*. UNITED STATES FIDELITY & GUARANTY COMPANY

## (No. 5988)

Submitted March 13, 1928.   Decided April 10, 1928.

AUTOMOBILES—*One Cannot Proceed Against Statutory Insurer for Injuries by Insured's Automobile Until Claim is Liquidated (Acts 1923, c. 6, § 82; Code, c. 71, § 2).*

> Under a liability insurance contract procured in compliance with section 82, chapter 6, Acts 1923, one claiming to have been injured because of the negligent operation of an automobile of the assured, cannot proceed against the insurer alone until such claim is liquidated.

(Motor Vehicles, 42 C. J. § 173.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Harrison County.

Action by Thelma Criss against the United States Fidelity & Guaranty Company, by notice of motion for judgment. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*J. E. Law,* for plaintiff in error.

*Steptoe, Maxwell & Johnson* and *James M. Guiher,* for defendant in error.

HATCHER, JUDGE:

This case involves the right of the plaintiff to proceed directly against the defendant as an insurer, upon an unliquidated claim against defendant's assured. The proceeding in which she would test her demand is a notice of motion for judgment. The notice apprised the defendant that she would move the circuit court for a judgment of $3,000.00 and costs against it because of injuries received by her in a collision between an automobile in which she was riding and an automobile owned by Nick Naimo; that the latter car was being driven in a negligent manner, and that the collision was occasioned solely by such negligence; that the Naimo automobile was operated for compensation; that when Naimo secured a license to so operate his automobile he obtained liability insurance from defendant, and that by reason of that insurance, etc., "a right of action has accrued in favor of the undersigned, you to have and recover of and from you for the injury and damages so sustained."

The insurance was procured in compliance with section 82, of Chapter 6 of the Acts of 1923, which forbids the road commission to issue a permit to a taxi operator until he files a bond, or "liability insurance satisfactory to the commission in such sum as the commission may deem necessary to adequately protect the public." The policy contains the usual assurances of indemnity. It also carries the following "rider", to the satisfaction of the commission:

"It is further understood and agreed that the obligations and promises of said policy shall inure

> to the benefit and protection of any person sustaining bodily injuries and or property damage as provided for in said policy, * * * and that the said obligations and promises of said policy shall constitute direct liability to such person or persons whether an action for damages is brought against the named assured alone or jointly with the Company.''

Like insurance contracts have received the consideration of this Court in other cases. We held in *O'Neal* v. *Tr. Co.,* 99 W. Va. 456, 462, that in directing the road commission to require indemnity insurance from a taxi operator, the legislature created a new right, but did not provide a new remedy. See also *Shepherd* v. *Tr. Co.* 100 W. Va. 703. In *Conwell* v. *Hayes,* 103 W. Va. 69, 72, we further held that the road commission had been delegated no authority to change established procedure. Plaintiff does not question these decisions, but maintains that section 2, Chapter 71, Code, sanctions her direct action against the defendant. That section authorizes one to proceed in his own name upon a covenant or promise made by a third party for his sole benefit. Plaintiff insists that the application of the statute made in *Jenkins* v. *Ry. Co.,* 61 W. Va. 597, supports her contention. There Jenkins alleged an injury occasioned by the negligence of the railroad company in performing a duty which it had obligated itself to perform for the benefit of a certain group to which he belonged. Here, the injuries to plaintiff did not arise because of the negligence of the defendant. It is apparent, therefore, that the decision in the *Jenkins* case has no application to this one. The policy under consideration limits the liability of the insurer in case of personal injury to $5,000.00 in favor of any one person, and limits the total liability for personal injuries in any one accident to $10,000.00. It restricts the liability of the insurer in case of injury to property to the actual amount of the damages, with the provision that in no event shall such liability exceed $1,000.00 on account of any one accident, irrespective of whether the property of more than one person is damaged or destroyed. The terms of the policy, therefore, classify differently, persons suffering per-

sonal injuries and persons bearing property loss.  In addition
to the benefits inuring to third persons under the policy, it
benefits the assured, by indemnifying him for expenses in de-
fending unwarranted claims for damages.  It thus appears
that the covenants in the policy are not for the sole benefit of
the plaintiff or the class to which she belongs.  *O'Neal* v. *Tr.*
*Co., supra,* p. 464-5.  Therefore she cannot sustain direct
action against the insurer under the above statute.  *King* v.
*Scott,* 76 W. Va. 58; *State* v. *Indemnity Co.,* 99 W. Va. 277.
Our statute was adopted from the Virginia Code.  *Thacker* v.
*Hubbard,* 122 Va. 379, will show that we are not insular in
this construction.

Plaintiff also contends that the insurer agreed in the rider
(by intendment) that the obligations of the policy should
inure to her benefit and protection and should constitute
direct liability to her, and that such agreement warrants
her action.  The phrase upon which she relies is a promise
upon a promise.  It is a promise to any person who might be
injured by the automobile of the assured, that the insurer's
promise to the assured in such contingency shall inure to the
benefit of the injured person.  The promise to the assured is
to indemnify him for his *actual loss* in such case.  Ann. Cases,
1913D, note, p. 1152.  That promise requires performance
only when such loss is determined.  That determination de-
pends upon the recovery of a final judgment against the as-
sured, or upon an agreement to which the insurer is a party.
The policy so states.  The fulfillment of that promise cannot
be exacted upon the mere occurrence of an injury; the mere
institution of an action against either the assured or the as-
sured and the insurer jointly does not make either one
directly liable to the injured person.  Such person himself
might be at fault.  The direct liability of the insurer com-
mences only when established.  It is established only by the
final judgment or by the agreement above referred to.  Con-
sequently, in plain language, the rider simply obligates the
insurer to pay directly to the injured person the amount he
is entitled to recover from the assured either by judgment or
by agreement, instead of indemnifying the insured in that
amount.  The ''inurement to the benefit and protection'' and

the "direct liability" requirements of the rider are fully met by such payment.

The plaintiff here has obtained neither judgment against the assured nor an agreement of liability from the assured and the insurer. Therefore a direct liability to her from the insurer has not been established and she cannot predicate her right of action against the insurer on that ground. See *Smith Stage Co.* v. *Eckert,* 21 Ariz. 28, 184 Pac. 1001, 7 A. L. R. 995, a leading case.

Plaintiff also urges, that as liability insurance is required in such case for the protection of the public, public policy demands that this action be sustained. A primary source for the expression of public policy is Legislative enactment. As the Legislature did not authorize this remedy when it exacted such insurance, reference to public policy is not fortuitous.

Plaintiff's plight is due to the fact that Naimo is dead. She recognizes that under the common law, her right of action against him perished at his death. *Actio personalis moritur cum persona. Curry* v. *Mannington,* 23 W. Va. 14, 18. She says that if this action cannot be maintained, she has suffered a wrong without a remedy, and terms it "an anomalous situation". Her statement is not entirely correct. Naimo did not die until about nine months after the date of her injury. During all those months a remedy was at hand. That such remedy was not pursued is her misfortune, and not the fault of our system of procedure. The maxim *ubi jus ibi remedium* has not been violated.

The judgment of the circuit court is affirmed.

*Affirmed.*