J. S. CRAMBLITT *v.* STANDARD ACCIDENT INSURANCE COMPANY *et al.*

(CC 515)

Submitted May 1, 1935. Decided June 4, 1935.

360

*Lilly & Lilly, Kay & Casto* and *W. Elliott Nefflen*, for plaintiff.

*Love & Love* and *Dillon, Mahan & White*, for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of an amended declaration, the demurrer thereto having been sustained.

The declaration is in assumpsit. The first three counts allege, in substance, that the Elkhorn Piney Coal Mining Company, the operator of a mine at Elkridge, Fayette County, was engaged in the business of transporting by bus, for hire and reward, the plaintiff and such other of its employees as might choose to avail themselves of such transportation, from their homes to the mine aforesaid each morning, and from said mine back to their homes each afternoon; that plaintiff was charged a certain amount of money each month, to-wit, the sum of $7.20, which amount was deducted from his earnings as coal loader at the end of the month; that on the morning of May 5, 1933, plaintiff, upon the invitation of said coal company's agents, boarded the bus, as a passenger for hire, for the purpose of being transported to the mine aforesaid, where he was employed as a coal loader; that while so transporting the plaintiff the bus was wrecked, due to certain acts of omission and commission in the maintenance and operation of said bus; that plaintiff, due to injuries received in such wreck has been damaged to the extent of $25,000, wherefore he brings his action. The fourth count sets up that defendant

was a common carrier of passengers along a certain route, and that on the day aforesaid, plaintiff was accepted as a passenger for hire, etc. The Standard Accident Insurance Company was joined as a defendant by virtue of the provisions of the West Virginia Compulsory Automobile Insurance Endorsement, which was attached to and made a part of the coal company's insurance, as a condition to the issuance of the class "J" license under which the bus involved was operated.

The initial inquiry raised by the demurrer is whether the injury declared on was received in the course of and as a result of plaintiff's employment, within the meaning of our Workmen's Compensation Act.

An injury suffered by an employee in going to or returning from the place of employment is not ordinarily in the course of employment. *DeConstantin* v. *Public Service Commission*, 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916 A, 329; *Buckland* v. *Compensation Commissioner*, 115 W. Va. 323, 175 S. E. 785. The defendant coal company admits, in its special plea No. 2, that the plaintiff was not required, by contract of employment as coal loader in the mine at Elkridge, to use the said bus. Therefore the only circumstances upon which defendants may rely to bring the injury within the Act are: (1) that the plaintiff and defendant, aside from the carriage, occupy the position of employee and employer; (2) that the carriage inured to the mutual benefit of both the employer and employee; and (3) that the fare for said carriage was charged against plaintiff's earnings at the end of the month. We do not believe that the foregoing are sufficient. *Stimal* v. *Jewett & Co.*, 205 App. Div. 170, 199 N. Y. S. 473; *Ex parte American Fuel Co.*, 210 Ala. 229, 97 So. 711. Had plaintiff while operating his own car, run off the road on the way to the mine, he would not have been entitled to compensation. His employment did not begin, so far as the pleadings show, until he reached the premises.

Is the insurance company properly joined? Under the law of this State, before the coal company could obtain a "taxi" or class "J" license, it was compelled to furnish a bond with surety approved by the commission or *liability insurance*

satisfactory to the commission to indemnify and protect the persons riding on such bus, and other persons and property injured by reason of the operation thereof. Code 1931, 17-6-6. The policy contained the usual direct public liability clause in the form prescribed by the state road commission, the same being attached as a rider to the policy. We have held in *Lusk* v. *Lusk*, 113 W. Va. 17, 166 S. E. 538, and *Conwell* v. *Hays*, 103 W. Va. 69, 136 S. E. 604, that an insurance company, by virtue of such an undertaking, may be joined with the carrier. Some question is raised as to the limit of such liability, whether $5,000 or $25,000 in a particular action. We are, however, not concerned with this phase of the contract at this time. The liability is the only thing before us.

In view of the foregoing, we are of opinion that the circuit court was in error in sustaining the demurrer to the declaration. Its ruling is, therefore, reversed and the demurrer overruled.

*Ruling reversed; demurrer overruled.*