■ RONA SEIDER et al., Respondents, v. MARIE H. ROTH, Defendant, and ANDRE J. LEMIUX, Appellant.— In an action to recover damages for personal injury, loss of services, etc., allegedly sustained through the negligence of defendants in the operation of their automobiles, the defendant Lemiux

appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered November 2, 1964, as denied his motion to vacate the warrant of attachment and the service of the summons and complaint upon him, and for related relief. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The levy under the warrant of attachment was made on "the contractual obligation of Hartford Accident and Indemnity Company to defend and indemnify Andre Joseph Lemiux [defendant] under a policy of automobile liability insurance issued" to him. He contends, however, that the warrant must be vacated since it attempts to levy "upon an obligation which is limited, conditional and dependent upon several contingencies, and is neither absolutely payable at present nor in the future." In our opinion, the levy under the warrant was properly made upon the insurer's existing contractual obligation under its policy, and hence the motion to vacate the attachment and the service of the summons and complaint was properly denied (see CPLR 6202, 5201; *Fishman* v. *Sanders,* 18 A D 2d 689; see, also, *Fishman* v. *Sanders,* 15 N Y 2d 298, revg. 20 A D 2d 905). Beldock, P. J., Christ, Brennan and Benjamin, JJ., concur; Ughetta, J., dissents and votes to reverse the order and to grant the motion to vacate the warrant of attachment and the service of the summons and complaint, with the following memorandum: In my opinion, in *Fishman* v. *Sanders* (18 A D 2d 689), when we said, with respect to an automobile liability policy, that: "It is our opinion that respondent's contractual obligation to defend and indemnify defendant is a debt or cause of action capable of being attached within the purview of section 916 of the Civil Practice Act", we indulged in erroneous dictum. The insurer's obligation is not attachable because it is not an indebtedness which is absolutely payable (*Dutch-Amer. Mercantile Corp.* v. *Safticraft Corp.,* 17 A D 2d 421, 423). Nothing was owing under the policy, at least until plaintiffs recovered a judgment. There are many other prerequisites before the insurer's obligation or indebtedness under the policy comes into being (see, e.g., third page of policy in the record). Nor is there any absolute obligation to defend as of the time of the happening of the accident. The insurer's duty to defend "came into being when it appeared from the allegations in the negligence *action* that the injury was within the coverage of the policy" (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148, 154 [emphasis supplied]).