BEATTY, Justice.
This is an appeal by plaintiff from an order made final under Rule 54(b), A.R.Civ.P., dismissing four insurance company defendants as parties in a lawsuit which also named their insureds as defendants. We affirm.
The facts are not complicated. Plaintiff owns a parcel of land in Tuscaloosa County. He filed a complaint against Warrior River Coal Company and Lloyd Wood Coal Company, Inc., claiming that they damaged his land by causing silt and sediment to be deposited thereon as a result of their strip-mining operations.
Plaintiff later amended his complaint by stating claims against the four insurance companies alleged to have furnished certificates of liability insurance in order that the other defendants might comply with the compulsory insurance requirements of the •Surface Mining Reclamation Act, Code of 1975, § 9-16-43 (now § 9-16-83). Motions to dismiss were filed on behalf of the defendant insurers, and, in due course, these defendants were dismissed
“without prejudice to plaintiffs right to recover from any [such] defendant ... in the event that plaintiff shall recover a money judgment against any defendant remaining in the case after the entry of this order. This judgment shall also be without prejudice as to the right of any defendant named herein to contest at a later date the question of whether or not insurance coverage exists for any claim asserted by plaintiff or which might hereinafter be asserted by plaintiff in this suit.”
This appeal followed.
The question presented is whether or not a person not named as an insured in a liability insurance policy nevertheless may bring a direct action against the insurance carrier before a final judgment of liability against the insured.
Maness v. Alabama Farm Bureau Mutual Casualty Ins. Co., 416 So.2d 979 (Ala.1982), contains an analysis of Alabama cases decided under the predecessors to Code of 1975, §§ 27-23-1 and -2. Section 27-23-2 states:
“Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defend *1092 ant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.”
Concerning the effect of the predecessor statutes, this Court quoted with approval from Employers Ins. Co. of Alabama v. Johnston, 238 Ala. 26, 30, 189 So. 58 (1939):
“We have held along with the generally accepted view that the right and remedy provided for in sections 8376 and 8377, Code [1923] (not influenced by other provisions of law or contract), did not extend to plaintiff a primary claim as a contraetee of such policy of insurance with a power to sue to enforce it independent of the status created between the assured, against whom judgment had been rendered, and his insurance carrier. ...”
This Court in Maness, supra, at 981, stated:
“Once an injured party has recovered a judgment against the insured, the injured party may compel the insurer to pay the judgment. The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured and only if the insured was covered against the loss or damage at the time the injured party’s right of action arose against the insured tortfeasor_” (Citation omitted.)
Plaintiffs principal argument in his brief is summarized as follows:
“The Alabama Surface Mining Reclamation Act of 1975 was passed by the legislature in response to growing outcry of the public to be protected from the hazards which had been historically associated with unregarded surface mining in this state. The protection of the public from injury by the operation of surface mines was an express purpose of the statute. Ala.Code (1975), § 9-16-32(a), (b), (c), (d), (e), (f), and (i). In order to secure this purpose, compulsory liability insurance was required under the act for all licensed operators. The law in this state has historically recognized the right of an injured party to proceed directly against an insuror who provides a liability policy pursuant to a compulsory insurance statute enacted for the protection of the public at large....”
Our attention has been directed to an annotation contained in 20 A.L.R.2d at 1097, entitled “Joinder of insurer and insured under policy of compulsory indemnity or liability insurance in action by injured third person.” Section 2 of that annotation, at 1099, is helpful here:
“The question of the propriety of joining an insurer under a compulsory insurance policy with the insured in the same action by an injured or damaged person depends upon two considerations: (1) the terminology of the statute or ordinance requiring the insurance, and (2) the provisions of the particular policy. Ordinarily when a liability or indemnity policy is taken voluntarily, the contract is one by which the insurer undertakes to indemnify or save harmless the insured (and no one else) from any liability or loss which may be legally imposed upon the latter by reason of the risks insured against. There is no privity of contract between the insurer and the third person injured or damaged by the acts of the insured to enable such person to sue the insurer either directly in a separate action or jointly in the same action with the insured. The insurance contract is procured by the insured for his own protection, and not for the protection of a third person who may sustain an injury. In the absence of an enabling statute, therefore, or a policy provision having that effect, the latter may not proceed against the insurer, at least not until he has secured a judgment against the insured with an execution thereon returned unsatisfied....”
Our cases allowing joinder of the insurer with the insured in an action brought by the injured person have found an enabling statute permitting such joinder. E.g., Hodges v. Wells, 226 Ala. 558, 147 So. 672 (1932) (Alabama Motor Carrier Act of 1927, § 5, p. 312-313, expressly provided that “every such insurance policy shall be for the benefit of and subject to action thereon *1093 by any person who shall sustain an actionable injury protected thereby, notwithstanding any provision in such insurance policy to the contrary”); McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291 (1936) (citing Fidelity & Casualty Co. of N.Y. v. Jacks, 231 Ala. 394, 395, 165 So. 242 (1936), which quoted from the Alabama Motor Carrier Act of 1931, containing essentially the same language as § 5 of the Act of 1927); Auto Mutual Indemnity Co. v. Moore, 235 Ala. 426, 179 So. 368 (1938); Capital Motor Lines v. Loring, 238 Ala. 260, 189 So. 897 (1939) (referring to statute “authorizing and requiring” indemnity or bond with surety from motor carrier); Watkins v. Reinhart, 243 Ala. 243, 9 So.2d 113 (1942) (statute regulating common freight carriers prescribed that the liability assumed, whether by bond or insurance policy, shall be “for the protection of the public (other than the passengers of, or the shippers of freight by, such carrier) in the collection of damages for. which the carrier may be liable”)] King v. Brindley, 255 Ala. 425, 51 So.2d 870 (1951) (joinder of taxicab company and its insurer allowed under provision of Birmingham Municipal Code providing for issuance of liability insurance policy to operator, and that “[s]aid policy shall stipulate that any person who may sustain damage to his person or property, resulting from such careless or negligent operation of such vehicle, shall have his right of action on said policy as fully and to the same extent as if said policy was made and executed directly in favor of the claimant for such damages”; policy contained that same provision.).
Plaintiff has cited us to American Southern Ins. Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783 (1963), as support for his premise. In that case, a taxicab driver had procured a policy of liability insurance from American Southern under the requirements of the Motor Vehicle Safety-Responsibility Act. While transporting a passenger for hire within the scope of his employment with Dime Taxi Service, the driver had an accident in which he was killed and his passenger was injured. The passenger recovered a judgment against Dime Taxi. Dime Taxi then brought suit against the driver’s administrator and American Southern, asking that it be subrogated to the rights of the injured passenger in her judgment against Dime Taxi, on the ground that Dime Taxi was responsible for the payment of the judgment in favor of the injured passenger against it, and therefore the negligent driver’s insurer, American Southern, was liable to Dime Taxi under its liability coverage of the negligent driver. This Court allowed subrogation.
On the issue of joinder of the insurer, this Court construed the Motor Vehicle Safety-Responsibility Act, and particularly that part of it which requires a certificate of insurance (SR-22) to be filed to reinstate a license, as “a protection which runs from the insurer to the third party claimant.” The Court said that because the Act was for the benefit of the public, “an injured member of the public can sue upon it.” Dime Taxi, 151 So.2d at 786-787. Baggett v. Jackson, 244 Ala. 404, 13 So.2d 572 (1943), was cited for this quoted principle; however, that case emphasized that the language of the particular regulatory statute (“in the collection of damages,” etc.) controlled the question of joinder. It is significant in the Dime Taxi case that a judgment had been recovered against Dime Taxi, not the insured driver. Under the general rule, supra, one cannot maintain an action against the insurer without first obtaining a judgment against the insured. Given the intent of the Motor Vehicle Safety-Responsibility Act, liability had been established by the judgment rendered against Dime Taxi. Thus, the insurance provided by American Southern was against the employer’s loss from its liability for damages, based upon that judgment, and so Dime Taxi, as an injured party, could bring in American Southern as a defendant in its suit against the administrator of the deceased driver’s estate before obtaining a judgment against the administrator.
The language of the Surface Mining Reclamation Act in force at the time of the *1094 alleged trespasses, § 9-16-43, i.e., prior to the 1981 amendment, was as follows:
“The application for permit shall be accompanied by a certificate of insurance certifying that the applicant has in force a public liability insurance policy issued by an insurance company authorized or licensed to do business in this state covering all coal surface mining operations of the applicant in this state and affording personal injury and property damage protection during the term of the permit....”
Neither that language nor the terms of the other respective sections of the Surface Mining Reclamation Act authorize the join-der of the insurer, as did the language of those statutes construed by our other decisions on the question. Without either such statutory language or equivalent policy terms, the terms of § 27-23-2, dealing with loss or damage to property, hereinbefore quoted, control, and the suit against the insurer may not be brought prior to judgment against the insured.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.