[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, acting pro se, instituted the present action as a small claims matter which was then transferred to the regular docket on the motion of the defendant, Cigna Property Casualty Co. ("Cigna"). The plaintiff claims that "Cigna's client", AAA Interstate Explosives ("AAA"), caused damage to the plaintiff's CT Page 7181 property as a result of blasting activities conducted by AAA. The plaintiff does not claim that Cigna was itself at fault in causing the blasting damages or that Cigna conducted blasting activities. Cigna has filed a Motion for Summary Judgment asserting that no cause of action may be asserted against it, as an insurer, for the activities alleged by the plaintiff.
In support of the Motion for Summary Judgment, Cigna has filed an affidavit stating that Cigna was the general liability insurer for AAA; that Cigna has no ownership interest in AAA; that the only relationship between Cigna and AAA is that of insurer and insured; that Cigna conducted an investigation of the claims asserted by the plaintiff; and that it never represented to the plaintiff that Cigna assumed any direct liability for the activities of AAA beyond the obligations assumed under the contract of insurance.
Absent a judgment, or a direct action statute, a plaintiff who wishes to sue an insured tort feasor may not directly institute an action against the insurer. Davis v. Robertson, 332 S.E.2d 819,822 (W. VA. 1985) and cases cited therein; Aetna Insurance Co. v. Pennsylvania Manufacturers Association Ins. Co., 356 F. Sup. 627,634 (E.D. Pa. 1978); Couch Insurance, 74.58 (2d Ed. 1983); See also, General Statutes 38a-321.
The plaintiff has filed a Memorandum asserting that Cigna had "apparent authority" to represent AAA and cites the investigation conducted by Cigna and the receipt of correspondence from Cigna stating that it does not believe that the blasting damage was exclusively caused by their insured AAA. "The rules that govern the determination of apparent authority in an agent require an examination of the acts of the principle, rather than of the agent." Norwalk v. Board of Labor Relations, 206 Conn. 449, 451
(1988). There is nothing submitted by the plaintiff which provides a basis to believe that Cigna or AAA performed any acts sufficient to give rise to a belief that Cigna would be directly responsible for the acts of AAA other than the obligations imposed by the contract of insurance.
Accordingly, the Motion for Summary Judgment is hereby granted.
RUSH, J. CT Page 7182